IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STEEL WORKERS OF AMERICA AFL-CIO-CLC, a labor organization, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) 2:01cv1601<br>) Electronic Filing |
| PPG INDUSTRIES, INC., | ) Judge Cercone<br>) Magistrate Judge Hay |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

The sole question before the court is whether the Union is entitled to compel the Company to arbitrate a grievance charging that the Company's efforts to reduce or terminate medical benefits for retirees violates a series of collective bargaining agreements which assertedly vested the retirees' entitlement to such benefits for life. The underlying dispute concerning the availability and continuation of such benefits is indeed a real one, as its resolution has significant consequences for the retirees and the employer alike in today's world of spiraling health care costs. There has been much litigation in this arena in the last fifteen years and copious amounts of "ink" have been expended in the development of this and the two related cases before the court. But we are called upon only to consider and resolve the issue of whether the parties' post-contract dispute is one that is to be submitted to arbitration pursuant to the mechanisms for dispute resolution grafted into the prior collective bargaining agreements. And on this question we way in on the fray without any restraints from the "law of the case" doctrine or any other procedural developments of the case.

We have carefully considered the Union's objections and in the end we remain unconvinced that this case can be resolved along the lines of the straightforward approach to the "Nolde/Litton" tension reflected in United Parcel Services v. Union De Puerto Rico, Local 901, 426 F.3d 470 (1st Cir. 2005), a case cited by defendant in support of its reading of Luden's Inc. v. Local Union No.6 of the Bakery, Confectionery and Tobacco Workers' International Union of America, 28 F.3 347 (3d Cir 1994), but which is actually more in line with the general approach

advocated by the Union.[1]  But the Union's position lacks the basic foundational planks for us to employ such an approach and the reason is this: the parties' obligations in the arena in which we are called upon to take action are defined by the collective bargaining agreements. Bidlick v. WheelaBrator Corp., 993 F.2d 603, 606-08 (7th Cir. 1993) (en banc) (Posner, J.).  The Union's claim of having procured vested benefits for the retirees does not straightforwardly rely on a specific clause or provision of the collective bargaining agreements in question to establish that certain rights explicitly accrued when particular employees retired; instead, it is based on general clauses in the collective bargaining agreements typically providing or extending medical coverage to bargain unit employees under specified company benefit plans coupled with ERISA documents known as General Insurance Plans or Group Benefits Plans that generally "continued" medical coverage after the date of retirement at company expense, subject to a reduction for any benefits provided by Medicare.  As such, the rights at issue arise through a combination of the collective bargaining agreements and ERISA documents and therefore it cannot be said that the claim the Union seeks to arbitrate is one that "has its real source in the contract." United Parcel Services, 426 F.3d at 474; Litton, 501 U.S. at 205 ("We agree with the approach of the Board and those courts which have interpreted Nolde Brothers to apply only where a dispute has its real source in the contract.").  It real source is in something more.  After all, no employee could rely on the general provisions of a collective bargaining agreement to claim continued eligibility in the plan providing "benefits paralleling those provided in the Michigan Type Plan" after the particular collective bargaining agreement extending that benefit to the bargain unit employees has expired.

      Because of the combined nature of plaintiff's claim to vested rights, the teachings of International Union, United Automobile, Aerospace & Agriculture Implement Workers of America v. Skinner Engine Co., 188 F.3d 130 (3d Cir. 1999)  come into play.  And as is evident from the Magistrate Judge's analysis, plaintiff's claim to vested rights falters under those

---

[1] It is also more in line with Judge Becker's admonition in Luden's that the majority approach to resolving this tension was a course the court was "reluctant to follow." Luden's, 28 F.3d at 347.

2

teachings, whether that review is one pursuant to the retiree's collective individual rights under ERISA, as was the case in Skinner Engine, or is one pursuant to Litton's gate-keeping requirements for invoking arbitration under an expired collective bargaining agreement where the dispute is predicated on a claim of accrued or vested rights under that agreement.

In short, plaintiff's main squabble is with the prior rulings of the United States Court of Appeals of the Third Circuit in Skinner Engine. That court may believe its jurisprudence does not effectively foreclose the relief plaintiff seeks, or it may take steps to reform it in a manner more in line with the majority's approach in Bidlick. But it is not this court's prerogative to ignore that jurisprudence and send a matter not exclusively governed by a collective bargaining agreement into a dispute-resolution format designed to implement such an agreement. To do so would be utilizing the arbitration clause to "transcend" the collective bargaining agreement, the very practice Litton sought to curtail. Litton, 501 U.S. at 205-06. Accordingly, the following order is appropriate.

## ORDER OF COURT

AND NOW, this 31st day of March, 2006, after de novo review of the record and upon due consideration of the magistrate judge's reports and recommendations and plaintiff's objections thereto, IT IS ORDERED that defendant's motions for summary judgment (Doc. Nos. 95, 98, 101 and 104) are GRANTED; and

IT IS FURTHER ORDERED that plaintiff's refiled motion for summary judgment (Doc. No. 94) is DENIED. The magistrate judge's reports and recommendations of September 30, 2005, as augmented above are adopted as the opinion of the court;

IT IS FURTHER ORDERED that defendant's motion to strike the Affidavit of Stephen M. Pincus (Doc. No. 139) is DENIED; and

IT IS FURTHER ORDERED that plaintiff's motion for oral argument (Doc. No. 124) is DENIED as moot.

David Stewart Cercone
United States District Judge

cc:     Honorable Amy Reynolds Hay
        United States Magistrate Judge

        Melvin P. Stein, Esquire
        United Steel Workers of America
        Five Gateway Center
        Room 807
        Pittsburgh, PA 15222

        William T. Payne, Esquire
        Schwartz. Steinsapir, Dohrmann & Sommers
        1007 Mt. Royal Boulevard
        Pittsburgh, PA 15223

        John E. Stember, Esquire
        Edward J. Feinstein, Esquire
        Pamina Ewing, Esquire
        Stephen M. Pincus, Esquire
        Stember Feinstein Krakoff
        429 Forbes Avenue
        1705 Allegheny Building
        Pittsburgh, PA 15219

        Richard J. Antonelli, Esquire
        Spilman Thomas & Battle, PLLC
        One Oxford Centre, Suite 3440
        301 Grant Street
        Pittsburgh, PA 15219